### APPLEGATE ET AL. *v.* MOFFITT, ADMINISTRATOR.

WEIGHT OF EVIDENCE.—*Supreme Court.*—Where there is evidence tending to support the verdict, the Supreme Court will not disturb it on the mere weight of evidence.

EVIDENCE.—*Principal and Agent.—Statement of Agent.—Warranty.—Decedents' Estates.*—In an action by an administrator, on a promissory note executed to him, as such, for the price of live-stock belonging to his decedent's estate, sold by him to the defendant, the latter answered, alleging that the plaintiff, at the time of the sale, had warranted such property to be sound, but that it was then diseased, and because thereof had since died. On the trial of the cause, the defendant offered in evidence the statement, made to him at the time of the sale, of one having charge of such live-stock.

*Held,* that, in the absence of evidence establishing the agency of such person, his statement was incompetent.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson,* for appellants.

*J. Stafford* and — *Cottingham,* for appellee.

NIBLACK, J.—Jonathan W. Moffitt, administrator of the estate of Silas Moffitt, deceased, sued Darius M. Applegate and Thomas D. Dawson, in the court below, on the following promissory note:

"$151.65.            .        November 1st, 1873.

"Twelve months after date, we jointly and severally promise to pay to the order of J. W. Moffitt, administrator of the estate of Silas Moffitt, deceased, one hundred and fifty-one and $\frac{65}{100}$ dollars, with ten per cent. interest after maturity, and reasonable attorney's fees if suit be instituted on this note; value received, without any relief from valuation or appraisement laws.

(Signed,)            "D. M. APPLEGATE,

"THOMAS D. DAWSON."

The defendant Applegate answered in three paragraphs:

1.  In general denial;

2.  That the note in suit was given for the purchase-money of a lot of twenty-two hogs, which he purchased of the plaintiff, as such administrator, at a public sale; that, at the time of the sale, the plaintiff represented and warranted said hogs to be sound and in a healthy condition, but that said hogs were then sick and diseased with hog cholera, which the plaintiff well knew; that the real condition of said hogs was concealed from said defendant Applegate, by tricks and artifices practised by the plaintiff; that said hogs continued sick and diseased, and all died from hog cholera soon after he, said Applegate, so purchased the same; that the defendant Dawson was only surety on said note; and,

3.  In substance, the same as the second paragraph.

The plaintiff replied:

1.  In denial;

2.  That said hogs were sold by him, as administrator, as aforesaid, at public auction, and that no public warranty or representation, either verbal, written or printed, was made by him at the time of the sale, or at any other time; and,

3.  That said hogs were diseased at the time of their said sale, and their diseased condition was open and patent, and could be observed by any one, and was well

known by the defendant Applegate; and that said hogs were purchased by him, said Applegate, for much less than they would have been reasonably worth if they had not been so diseased.

There was a trial by a jury, a verdict for the plaintiff for the amount of the note, including interest and attorney's fees, an unsuccessful motion for a new trial, and a judgment against both the defendants.

The only error assigned here is upon the overruling of the appellant's motion for a new trial.

On the trial, there was a conflict in the testimony as to most of the material matters relied upon in defence of the action, but there was evidence tending very fully to sustain the verdict; and, under such circumstances, we can not disturb the verdict on the mere weight of the evidence. That rule of decision is too well established in this court to need the citation of authorities to sustain it.

On the trial, the defendant Applegate testified on his own behalf, and, amongst other things, stated, that after the hogs were put up for sale and the bidding had commenced, he received an intimation that said hogs were afflicted with hog cholera; that he thereupon enquired of Hugh Moffitt, the plaintiff's brother, who was standing by, and who had had charge of said hogs since the death of his father, the said Silas Moffitt, as to what was the true condition of the hogs; that, upon the faith of what the said Hugh Moffitt then and there represented to him concerning the hogs, he, the said Applegate, was chiefly induced to bid off and purchase said hogs.

Objection being made as to any statement of what the said Hugh Moffitt said at the time to the said Applegate, the said Hugh Moffitt was called to the stand as a witness, and testified, in substance:

"I am brother to plaintiff, and one of the heirs. I lived on father's farm. Had charge of the stock before his death. Had charge of the hogs since his death. Took care of them for plaintiff."

The objection to the defendant Applegate's testifying as to what the said Hugh Moffitt represented to him at the time of the sale concerning the condition of said hogs, as above stated, was then sustained by the court, to which the appellants excepted, and the sustaining of this objection was assigned as one of the causes for a new trial.

The appellants contend, that the evidence showed, that Hugh Moffitt was the agent for the plaintiff in the general management and control of the hogs, and that, because of such agency, Applegate ought to have been permitted to testify as to any alleged representations which the said Hugh Moffitt made to him as to the condition of the hogs at the time of the sale.

We think the evidence did not show that the said Hugh Moffitt was, in any manner, the agent of the appellee for, or charged with any duty concerning, the sale of such hogs. It was, therefore, not shown that he was authorized to make any representations in the premises, as an inducement to persons to purchase the hogs, so as to lay a proper foundation for the introduction of the testimony proposed and rejected, as above set forth. For that reason, the proposed testimony was correctly excluded.

We see no error in the proceedings below.

The judgment is affirmed, at the costs of the appellants.